Taylor, C. J.
delivered the opinion of the Court.
This action cannot be supported on the ground of general average, because the rule of the maritime law upon which such claim is founded, renders it indispensable that the goods should be thrown overboard to lighten a ship, in which case the loss incurred for the benefit of all shall be made good by the contribution of all. It is not sufficient even that the goods are washed overboard by the agitation of the sea, or destroyed by tempest or lightning; they must be thrown overboard by the direct agency of man for the purpose of easing the vessel in a moment of peril, and thereby increasing the chance of her preservation, and that of the residue of the cargo.
The plaintiff claims from the defendant a proportionate part of the expence of raising the vessel and cargo, but such claim it is impossible to fix on the principle of a general average, because all were involved in the same common calamity, and no portion was sacrificed for the safety of the rest. The cases where the expence incurred in relation to goods have become the subject of a general contribution bear no analogy to the present one. A ship may sustain damage in a storm which cannot be repaired without unlading the goods, and as all are interested that the voyage should be continued, the expence of such unlading should be borne by the owners of the goods. Yet if sails are blown away, or masts or cables broken, the owner alone must bear the loss. The defendant’s goods in this case were not saved, nor was the vessel raised with any view to prosecute the voyage: that was necessarily ended by the oversetting of the vessel and the consequent injury to the cargo. But the decisive ground on which this claim must be rejected, and which is also an answer to the claim for salvage is, that the damage and consequent expense proceeded from the neglect of the owner himself. It was his duty not only to have provided a sufficient vessel at the commencent of the voyage, furnished with whatever *607 was necessary to convey her cargo in safety through an uncertain navigation, but to maintain her in a proper condition throughout the whole voyage.
The neglect of providing shifting boards where the cargo of grain was incomplete is not to be excused; the necessity of them is admitted by the captain and is obvious to every person. It can scarcely be doubted, that if they had been provided, the vessel would not have overset by a sudden flaw of wind. It is certainly a matter of surprise that no accident of the kind has happened before, and can only be accounted for by supposing that a continual vigilance has been exercised to meet the approach of sudden flaws of wind, and by taking in sail before they strike the vessel. But the general neglect of ordinary precaution cannot excuse him who has thereby occasioned a loss to another’s property; and no reason can be urged, why the shipper of goods or a passenger should be made liable, in any shape, towards the performance of a duty incumbent on the owner. This would be to place him in a more unfavorable situation even than an insurer on the vessel, who is not liable on the policy for the vessel, nor even for goods shipped in the vessel by a person no way interested in her, if she has any deficiency in any one article necessary for safe and secure navigation.